UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FRANCISCO JAVIER GONZALEZ GARCIA | § § § | |
| v. | § § | CIVIL NO. 4:21-CV-650-SDJ |
| MADONNA NASSER ADEEB RAMSIS | § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Respondent Madonna Nasser Adeeb Ramsis's Motion to Suspend Order to Return S.J.G. to Spain Pending Appeal or to Delay Order. (Dkt. #32). Having considered the motion, the record, and the applicable law, the Court concludes that the motion should be denied.

## I. BACKGROUND

Petitioner Francisco Javier Gonzalez Garcia initiated this Hague Convention case on August 18, 2021. Ramsis appeared pro se. The Court held a consolidated show cause hearing and bench trial at which Ramsis proceeded pro se. On January 31, 2022—nearly three months ago—the Court found that Spain was the habitual residence of S.J.G., Garcia and Ramsis's child, and ordered that S.J.G. must be promptly and safely returned to Spain. *Garcia v. Ramsis*, No. 4:21-CV-650, 2022 WL 287031, at *7 (E.D. Tex. Jan. 31, 2022). Shortly thereafter, attorney Allen Landerman entered an appearance on Ramsis's behalf.

On February 24, 2022, after learning that Ramsis had not yet complied with the Court's January 31 order, the Court ordered the parties to file a plan for returning S.J.G. to Spain. Instead of working with Garcia to come up with such a plan, Ramsis

1

filed a motion for new trial. Subsequently, Ramsis indicated that she would not return S.J.G. to Garcia until "10 days [after] this Court's denial of her Motion for New Trial and either this Court's refusal to stay the return or the denial by the Fifth Circuit to stay the return." (Dkt. #23 ¶ 2).

On April 6, 2022, the Court denied the motion for new trial and again ordered the parties to file a plan for returning S.J.G. to Spain. *Garcia v. Ramsis*, No. 4:21-CV-650, 2022 WL 1036770, at *4 (E.D. Tex. Apr. 6, 2022). Ramsis failed to comply. Instead, she filed a notice of appeal and indicated that she would not return S.J.G. unless the Fifth Circuit affirms this Court's decision and Ramsis decides not to "file an application for Writ of Certiorari with the Supreme Court." (Dkt. #30 ¶ 2). The Court then set a hearing for May 2, 2022, and ordered Ramsis to appear with S.J.G. and to be prepared to surrender S.J.G. to Garcia. The Court provided two weeks' notice of the hearing and filed the order setting the hearing electronically on the Court's CM/ECF system. Now, less than one week before the hearing, Ramsis seeks to suspend or delay enforcement of the Court's order to return S.J.G. to Spain. Ramsis asks the Court to either stay the case pending appeal or to delay the order of return by three weeks to allow Ramsis to secure appellate counsel and to file a motion to stay with the Fifth Circuit.

## II. LEGAL STANDARD

Courts apply four factors to determine whether to stay a return order: (1) whether the applicant has made a strong showing that she is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of a stay will substantially injure other interested parties;

and (4) any risk of harm to the public interest. *Chafin v. Chafin*, 568 U.S. 165, 179, 133 S.Ct. 1017, 185 L.Ed.2d 1 (2013) (citation omitted). Stays are not routinely granted merely because an appeal is pending. The United States Supreme Court has warned that issuance of routine stays in Hague Convention cases "would conflict with the Convention's mandate of prompt return to a child's country of habitual residence." *Id.* at 178. The moving party bears the burden of showing that she is entitled to a stay. *Nken v. Holder*, 556 U.S. 418, 433–34, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009).

### III. DISCUSSION

The Court finds that all four factors weigh against granting a stay pending appeal. The Court also finds that a three-week delay in enforcement of its return order is not warranted under the circumstances.

**A. Motion to Stay**

**i. Likelihood of Success on the Merits**

Ramsis does not address her likelihood of success on the merits in the motion to stay. For all of the reasons stated in the Court's orders granting Garcia's petition for return, *Garcia*, 2022 WL 287031, and denying Ramsis's motion for new trial, *Garcia*, 2022 WL 1036770, the Court finds that Ramsis is unlikely to succeed on appeal. Therefore, this factor weighs against granting a stay.

**ii. Irreparable Injury Absent Stay**

The second factor is the only factor addressed in Ramsis's motion. Ramsis contends she will be irreparably injured absent a stay because: (1) the Fifth Circuit will lose jurisdiction over S.J.G. if the child is returned to Spain and (2) Ramsis will

be unable to travel to Spain or hire a lawyer for custody proceedings because of her financial circumstances.

Ramsis provides no authority for the assertion that the Fifth Circuit will lose jurisdiction if S.J.G. is returned to Spain, thus rendering her appeal moot. This failure is unsurprising, as the United States Supreme Court has rejected this argument. *Chafin*, 568 U.S. at 180 ("The Hague Convention mandates the prompt return of children to their countries of habitual residence. But such return does not render th[e] case moot . . . . The courts below therefore continue to have jurisdiction to adjudicate the merits of the parties' respective claims."). Indeed, district courts often deny motions to stay pending appeal in Hague Convention cases. *See, e.g.*, *Soto v. Contreras*, 880 F.3d 706, 710 (5th Cir. 2018) (discussing district court order denying motion to stay judgment pending appeal); Final Judgment, *Gallegos v. Garcia Soto*, No. 1:20-cv-92 (W.D. Tex. June 8, 2020); *Leon v. Ruiz*, No. MO:19-CV-00293, 2020 WL 12991172 (W.D. Tex. Mar. 19, 2020); *Dumitrascu ex rel. A.M.B.D. v. Dumitrascu*, No. 21-cv-01813, 2021 WL 4861837 (D. Colo. Oct. 19, 2021); *Rehder v. Rehder*, No. C14-1242RAJ, 2014 WL 7240662 (W.D. Wash. Dec. 19, 2014).

As to Ramsis's financial circumstances, the Court finds that Ramsis's alleged harm is merely speculative. *See Earl v. Boeing Co.*, No. 4:19-cv-00507, 2021 WL 5415291, at *3 (E.D. Tex. Nov. 19, 2021) ("Irreparable harm cannot be speculative." (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008))). Ramsis argues that she cannot afford to travel to Spain or hire Spanish counsel to contest custody. This unsupported assertion is insufficient to demonstrate

4

a likelihood of irreparable injury. Indeed, Ramsis has already proven able to hire multiple attorneys to represent her in this case and in a separate Suit Affecting the Parent-Child Relationship lawsuit she filed in Texas state court. *See* (Dkt. #26-7).

Because Ramsis has not demonstrated that she will be irreparably injured absent a stay, this factor weighs against granting a stay.

### iii. Injury to Other Parties

By contrast, the Court finds that Garcia would suffer an injury if a stay was issued. Garcia has been separated from S.J.G. since November 2020, and a stay would only further extend that separation. S.J.G. would also be injured by "los[ing] precious months when she could have been readjusting to life in her country of habitual residence." *Chafin*, 568 U.S. at 178. Therefore, this factor weighs against granting a stay.

### iv. Public Interest

The Court finds that the Hague Convention and International Child Abduction Remedies Act "demonstrate a strong public interest in expeditious resolution of petitions for the return of a child." *Leon*, 2020 WL 12991172, at *2 (citing *Chafin*, 568 U.S. at 178). As Ramsis has not identified any countervailing public interest, this factor weighs against granting a stay.

Because all four factors weigh against granting a stay, the Court denies Ramsis's motion to stay enforcement of the return order pending appeal.

### B. Motion to Delay

In the alternative, Ramsis asks the Court to extend the date of S.J.G.'s return by three weeks so she can file a motion to stay with the Fifth Circuit. In an attempt

to explain why she has not yet done so despite ample opportunity, Ramsis states that her attorney, Landerman, "learned that he is not actively admitted to the Fifth Circuit" and thus cannot file the motion. (Dkt. #32 at 2).

The Court has consulted the Fifth Circuit's docket. The initial case check was completed on April 18, 2022, and the docket indicates that the case was deemed "OK to Process." Initial Case Check, *Gonzalez Garcia v. Adeeb Ramsis*, No. 22-40226 (5th Cir. Apr. 18, 2022). The electronic record on appeal was filed on April 27, 2022, and the Fifth Circuit issued a briefing notice to Landerman that same day. There is no indication that Landerman cannot file documents in the Fifth Circuit and, regardless, the Court finds that he has had sufficient time to figure out a way to file a motion to stay with the appellate court. The Court denied Ramsis's motion for new trial over three weeks ago and set a date for S.J.G.'s return ten days ago.

\* \* \*

In sum, Ramsis has not provided the Court with a single legitimate reason to stay or delay its order that S.J.G. must be returned to Spain. In fact, it appears to the Court that this motion is simply another tactic by Ramsis and her attorney to delay this Hague Convention proceeding. The Court will not countenance such delay tactics. The Court's January 31, 2022, order that S.J.G. must be promptly and safely returned to Spain remains in full force and effect.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Ramsis's Motion to Suspend Order to Return S.J.G. to Spain Pending Appeal or to Delay Order, (Dkt. #32), is **DENIED**.

**So ORDERED and SIGNED this 28th day of April, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE